**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JIHAD WAHDUUD,

            Plaintiff,

   v.

CAMDEN COUNTY JAIL,

            Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-06554 (JBS-AMD)

**OPINION**

APPEARANCES:

Jihad Wahduud, Plaintiff Pro Se
1827 South 4th Street
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Jihad Wahduud seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency, the application to proceed *in forma pauperis* is granted.

2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to sua sponte screening for dismissal under 28 U.S.C. §
1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will
dismiss the complaint without prejudice for failure to state a
claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.    To survive sua sponte screening for failure to state a
claim, the complaint must allege "sufficient factual matter" to
show that the claim is facially plausible. *Fowler v. UPMS
Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308
n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 555 (2007)).

5.    Plaintiff seeks monetary damages from CCJ for
allegedly unconstitutional conditions of confinement. As the CCJ
is not a "state actor" within the meaning of § 1983, the claims
against it must be dismissed with prejudice. *See, e.g., Grabow
v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39

(D.N.J. 1989) (correctional facility is not a "person" under §
1983).

6.    Plaintiff may be able to amend the complaint to name
state actors who were personally involved in the alleged
unconstitutional conditions of confinement, however. To that
end, the Court shall grant Plaintiff leave to amend the
complaint within 30 days of the date of this order.

7.    Plaintiff is advised that the amended complaint must
plead sufficient facts to support a reasonable inference that a
constitutional violation has occurred in order to survive this
Court's review under § 1915. The complaint states in its
entirety: "I was arrested and placed in a overcrowded jailed
with (2) bunks and I being a (3rd) party in the room and no bunk
beds left, I was forced to sleep on the floor lying my head next
to dirty toilet." Complaint § III. Even accepting the statement
as true for screening purposes only, there is not enough factual
support for the Court to infer a constitutional violation has
occurred.

8.    The mere fact that an individual is lodged temporarily
in a cell with more persons than its intended design does not
rise to the level of a constitutional violation. *See Rhodes v.
Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by
itself did not violate Eighth Amendment); *Carson v. Mulvihill*,
488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking

does not constitute punishment, because there is no 'one man,
one cell principle lurking in the Due Process Clause of the
Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542
(1979))). More is needed to demonstrate that such crowded
conditions, for a pretrial detainee, shocks the conscience and
thus violates due process rights. *See Hubbard v. Taylor*, 538
F.3d 229, 233 (3d Cir. 2008) (noting due process analysis
requires courts to consider whether the totality of the
conditions "cause[s] inmates to endure such genuine privations
and hardship over an extended period of time, that the adverse
conditions become excessive in relation to the purposes assigned
to them."). Some relevant factors are the dates and length of
the confinement(s), whether Plaintiff was a pretrial detainee or
convicted prisoner, etc.

9.    As Plaintiff may be able to amend his complaint to
address the deficiencies noted by the Court, the Court shall
grant Plaintiff leave to amend the complaint within 30 days of
the date of this order.

10.   Plaintiff should note that when an amended complaint
is filed, the original complaint no longer performs any function
in the case and cannot be utilized to cure defects in the
amended complaint, unless the relevant portion is specifically
incorporated in the new complaint. 6 Wright, Miller & Kane,
Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes

4

omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[1] *Id.*

11.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

12.  An appropriate order follows.


**January 20, 2017**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge

---

[1] The amended complaint shall be subject to screening prior to service.