IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIHAD WAHDUUD,<br><br>        Plaintiff,<br><br>   v.<br><br>CAMDEN COUNTY JAIL; CAMDEN COUNTY FREEHOLDERS,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-06554(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Jihad Wahduud, Plaintiff Pro Se
1827 South 4th Street
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

## I. INTRODUCTION

Plaintiff Jihad Wahduud seeks to bring an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") and the Camden County Freeholders. Amended Complaint, Docket Entry 4. On January 25, 2017, Plaintiff's original complaint was dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and Plaintiff was granted thirty days to file an amended complaint. Docket Entry 3. Plaintiff timely filed an amended complaint on February 14, 2017.

At this time, the Court must review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, it is clear from the amended complaint that the claim arose more than two years before the complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the amended complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.  BACKGROUND

Plaintiff alleges that he was detained in the CCJ from September 17, 1994, to June 28, 1996. Amended Complaint ¶ 1. He further states: "I was subjected to inhuman living conditions. I was made to sleep in cell made for two (2) people, with four (4) and sometimes five (5) people. I near the toilet on the floor, where I was splash with urine when I slept and was awaken from the incident and I ended up fighting. I am now sixty (60) years old and my doctors tell me my back is eighty-five (85) years old. I am now disable because of my back as a result of sleep[ing] on the floor at Camden County Jail." *Id.*

**III. STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff's amended complaint alleges that he experienced unconstitutional conditions of confinement while he was detained in the CCJ from September 17, 1994, to June 28, 1996. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCJ, namely the alleged overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired, at the latest, in 1998, well before this complaint was filed in 2016. Plaintiff has filed his lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no

extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the amended complaint that more than two years have passed since Plaintiff's claims accrued, the amended complaint is dismissed with prejudice, meaning he may not file a second amended complaint concerning the events of September 17, 1994, to June 28, 1996. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

## V. CONCLUSION

For the reasons stated above, the amended complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**April 13, 2017**          **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             Chief U.S. District Judge